Daniel, J.
 

 First.
 
 As to the legacy, “ I leave
 
 my negroes
 
 (except Dan) to be sold by my executor, and divided into three shares.” This is not a general legacy; it is
 
 *170
 
 not by law chargeable upon the whole personal estáte undisposed of. It is a specific legacy of all the negroes (except Dan) the testator owned at the time of his death; for, at that time, the will legally speaks. If a testator bequeath all the horses, which he may have in ' his stables at the time of his death, it is a specific
 
 legacy;
 
 or, “ such part of my stock of horses which A. shall select, to be fairly appraised to the value of £800,” is a specific legacy.
 
 Fontain
 
 v.
 
 Tyler,
 
 9 Price,
 
 98. Richards
 
 v.
 
 Richards,
 
 9 Price, 226.
 
 Wil. on Ex.
 
 739. At the time of his death, the testator, Joseph W. Guilford, did not own the two negroes, Asa and Sally; he had given
 
 them
 
 before to Elizabeth Langly. And, although she is one of the legatees of “
 
 all my
 
 negroes,” she is entitled to a share, as directed by the will, as if those two negroes had never belonged to the testator, and she is not compelled to bring their value into the fund to be divided, before she shall share.
 

 Secondly.
 
 The testator gave the slave Dan to Alvana Morris, with the executory devise over to others, on the event of her dying before she arrived at twenty-one years of age. But all the hires of the said slave during, her life,-go to her absolutely. These hires are not confined to so much as may be necessary to her raising, clothing and education. Those words in the will are only directory to the executor, how the testator wished the hires of Dan to be applied. He -could not expect, that there would be a surplus of hires after these objects had been accomplished. But he has declared in his will, that if Alvana Morris should die before her age of twenty-one, then the said negro boy Dan to go back and be sold by my executor, and the proceeds to be divided equally among G. W. Guilford, and others. No part of the hires, to arise during the life of Alvána Morris, are directed by the testator to accumulate upon any event ■whatever, and go' over to the contingent legatees. The guardian of A. Morris is therefore entitled to all the'hires of the slave Dan.
 

 
 *171
 

 Thirdly.
 
 Some of the defendants have offered evidence
 
 de hors
 
 the will, tending to prove, that the testator intended, when he made the deed of gift of the two slaves to Elizabeth Langly, to alter his will, and charge her with the value of the same, in the division of the legacy of his negroes after his death. Bat that, if established, cannot affect the construction of the will; for, if the gift of the negroes would not be á satisfaction or ademption' of the legacy to her of a share of the negroes, an intention to
 
 make
 
 a new will, and therein make her legacy so much less, cannot diminish the legacy left to her in the present will.
 

 Per Curiam.
 

 Decree accordingly.